IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

|  |  |  |
|---|---|---|
| TERRI J. DEWEESE, | * * * | 4:11-cv-419 RP-CFB |
| Plaintiff, | * * | |
| v. | * * | |
| GIT-N-GO CONVENIENCE STORES, INC., | * * | |
| Defendant. | * * * | ORDER |

Currently before the Court is "Plaintiff's Motion for Conditional Class Certification,"

filed by Terri DeWeese ("Plaintiff") on February 29, 2012.  Clerk's No. 19.  Git-N-Go

Convenience Stores, Inc. ("Defendant") filed a response on June 1, 2012.  Clerk's No. 26.

Plaintiff did not file a timely reply.  *Compare* Clerk's No. 35 (reply filed on June 18, 2012) *with*

Clerk's No. 25 (order clearly stating that "any reply shall be filed by June 15, 2012").  The matter

is fully submitted.

## I.  FACTUAL & PROCEDURAL BACKGROUND

In this case, Plaintiff alleges that she and "all store managers who worked for Defendant

during the three-year period preceding this suit . . . were not paid overtime" in violation of

Section 7 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(l).  *See* Clerk's No. 1-1

¶ 7.  Specifically, Plaintiff alleges that she is—like the other members of the putative class—"a

nonexempt employee," yet "Defendant made no provision to pay her overtime."  *Id*. ¶ 9.  Plaintiff

further alleges that she and the other members of "the putative class regularly exceeded forty

hours per week without overtime compensation."  *Id*. ¶ 6.

## II.  LAW & ANALYSIS

In the instant motion, Plaintiff "seeks leave to distribute notice about the pendency of this action to the putative [class] so that the members of that [class] have an opportunity to file consents to join the case." Mot. ¶ 1.  Plaintiff's proposed class would include "current and former Git  N' Go store managers who Defendant misclassified as exempt and failed to pay overtime." *Id.*

As another district court in this circuit recently and cogently explained:

Section 7 of the FLSA prohibits an employer from subjecting non-exempt employees to a work week in excess of 40 hours unless the employee is compensated for overtime worked at a rate of at least one and one half his or her regular hourly wage. 29 U.S.C. § 207.  Any employer who violates this restriction "shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Section 216(b) provides that a plaintiff may bring suit under the FLSA "for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).   However, an employee does not become a party to the suit "unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

The Eighth Circuit has not adopted a procedure for determining whether a group of employees is similarly situated or for obtaining the consent of those employees, but this Court has consistently employed the two-step process applied by the other circuits that have considered the issue.  *See, e.g.*, *Beasely v. GC Services LP*, 270 F.R.D. 442, 444 (E.D. Mo. 2010); *Simmons v. Enter. Holdings, Inc.*, 4:10CV00625, 2011 WL 855669 (E.D. Mo. 2011); *Ondes v. Monsanto Co.*, 4:11CV197 JAR, 2011 WL 6152858 (E.D. Mo. 2011).   "Under this two-step process, the plaintiff first moves for class certification for notice purposes . . . Once the Court conditionally certifies the class, potential class members are given notice and the opportunity to 'opt-in.'" *Kautsch v. Premier Communications*, 504 F. Supp. 2d 685, 688 (W.D. Mo. 2007).  "At the second step of the process, the defendant may move to decertify the class.  This is typically done after the close of discovery when the Court has much more information and is able to make a more informed decision." *Id.*

Because the preliminary certification is made with limited information and is conditional in nature, the "plaintiff's burden is not onerous." *Dernovish v. AT & T*

*Operations, Inc.*, 09–0015CVWODS, 2010 WL 143692 (W.D. Mo. 2010). "There is no need to show that the would-be members of the class are actually similarly situated or that they are identical, but the plaintiff must present some evidence to demonstrate the class members are similar in important respects and are subjected to similar policies or circumstances." *Id.* (citing *Huang v. Gateway Hotel Holdings*, 248 F.R.D. 225, 227 (E.D. Mo. 2008); *Kautsch*, 504 F. Supp. 2d at 689).

*O'Donnell v. Sw. Bell Yellow Pages, Inc.*, No. 4:11-cv-1107, 2012 WL 1802336, at *1–2 (E.D. Mo. May 17, 2012) (slip copy) (omissions in original).

In order "to demonstrate the class members are similar in important respects and are subjected to similar policies or circumstances," *see id*. at *2, Plaintiff must "must present more than mere allegations; i.e., some evidence to support the allegations is required," *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 892 (N.D. Iowa 2008 ) (quoting *Young v. Cerner Corp.*, 503 F. Supp. 2d 1226, 1229 (W.D. Mo. 2007)). This "supporting evidence should include evidence that other similarly situated individuals desire to opt in to the litigation because others' interest in joining the litigation is relevant to whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants."[1] *Id*. (quoting *Parker v. Rowland Express, Inc.*, 492 F. Supp. 2d 1159, 1164–65 (D. Minn. 2007)) (internal quotation marks omitted). However, at bottom, conditional certification "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Id*. (quoting *Young*, 503 F. Supp. 2d at 1229) (internal quotation marks omitted).

---

[1]    Additionally, "district courts outside of the Eighth Circuit have evaluated several other factors at this stage to determine the propriety of conditional certification, including 'whether affidavits of potential plaintiffs have been submitted, whether there is evidence of a widespread discriminatory plan, and whether, as a matter of sound management, a manageable class exists.'" *Bouaphakeo*, 564 F. Supp. 2d at 892  (quoting *Jimenez v. Lakeside Pic-N-Pac, L.L.C.*, No. 1:06-cv-456, 2007 WL 4454295, at *2 (W.D. Mich. Dec. 14, 2007)).

In her brief, Plaintiff asserts that she and the other members of the putative class are similarly situated, relying on the affidavit she submitted in support of her motion. *See id*.; *see also* Affidavit of Terri DeWeese (hereinafter "Pl.'s Aff.") (Clerk's No. 19-2). In her affidavit, Plaintiff describes her job responsibilities as a store manager, *see* Pl.'s Aff. ¶¶ 2–7, 10–12, and states that she has "personally observed the work that other Git N' Go store managers do" and "[t]heir duties are the same as mine described above," *id*. ¶ 13. She also states that:

> Once Ashley Lively (a former store manager) learned about this case and the possibility that [Defendant] was illegally failing to pay overtime to store managers, I put her in contact with my attorney and she met with him and joined the lawsuit. I have also spoken with another store manager, Kim Bedwell, about this lawsuit and she expressed interest in it.

*Id*. ¶ 14.

In response, Defendant makes three arguments. First, Defendant argues that the instant motion should be denied because Defendant is going to prevail on its pending motion for summary judgment (Clerk's No. 27)—i.e., because "[a]s matter of law, Plaintiff cannot show [Defendant] has an unlawful policy of misclassifying managers as exempt." Def.'s Br. at 3. However, "[i]n deciding whether to conditionally certify [the] FLSA claim as a collective action, the court [does] not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *See McClean v. Health Sys., Inc*., No. 11-cv-03037, 2012 WL 607217, at *5 (W.D. Mo. Feb. 23, 2012) (citing *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)); *see also Elizabeth M. v. Montenez*, 458 F.3d 779, 786 (8th Cir. 2006) ("[C]lass certification is not the time to address the merits of the parties' claims and defenses . . . ."). Therefore, Defendant's arguments regarding the merits of Plaintiff's claims are not well-taken.

Second, Defendant argues that:

> Even if [Plaintiff] could raise a genuine dispute of fact sufficient to defeat [Defendant]'s Motion for Summary Judgment, any fact issue would necessarily arise from an individualized analysis of the duties actually performed by [Plaintiff]. The merits of any misclassification claim will turn upon evidence related to the individual employee's day-to-day tasks, and not upon any company policy or decision. Because [Plaintiff]'s claim requires individualized fact analyses for each putative plaintiff, collective action must be denied even if her claim is not dismissed.

Def.'s Br. at 3. "In other words, the issue is not [Defendant]'s uniform policy and practice." *Id.* at 11. However, other courts in this circuit have granted conditional certification in cases dealing with allegations of misclassification. *Ahle v. Veracity Research Co.*, No. 09-cv-42, 2009 WL 3103852 (D. Minn. Sept. 23, 2009); *Greenwald v. Phillips Home Furnishings Inc.*, No. 4:08-cv-1128, 2009 WL 259744 (E.D. Mo. Feb. 3, 2009). Moreover, "an allegation that an employer improperly classified certain employees as exempt does not require further proof of a company policy: the classification scheme itself is the policy." *Greenwald*, 2009 WL 259744, at *5 (citing *Schleipfer v. Mitek Corp.*, No. 1:06-cv-109, 2007 WL 2485007 (E.D. Mo. Aug. 29, 2007)). Therefore, the Court cannot agree with Defendant's suggestion that the nature of Plaintiff's claims makes conditional certification *per se* improper. *See* Def.'s Br. at 9.

Third, Defendant argues that the instant motion should be denied because Plaintiff "has failed to offer any evidence others are interested in joining this lawsuit." Def.'s Br. at 3. However, Plaintiff has not—as Defendant contends—"failed to offer any evidence" on this point. *See id.* As noted above, Plaintiff mentioned both Ashley Lively and Kim Bedwell in her affidavit. *See* Pl.'s Aff. ¶ 14. Defendant asserts that "Plaintiff testified that she has no personal knowledge of either Ashley Lively's or Kim Bedwell's interest in joining the lawsuit." Def.'s Br. 15 (citing Clerk's No. 26-2 (DeWeese Dep. Tr. 119:5–17; 120:1–4)).

In the cited portions of her deposition, Plaintiff testified as follows:

Q.      Can you tell me how many conversations or exchanges you've had with Ashley [Lively] about your case?

A.      None.

Q.      None.

A.      No.  I just told her about Harley [Erbe, Plaintiff's counsel], that was it.

Q.      So you didn't actually talk about the lawsuit?

A.      No.

Q.      Gave her contact info for Harley?

A.      No.  I just gave her his number.

Q.      Give her any documents?

A.      No, ma'am.

[ . . . ]

Q.      How many conversations or exchanges have you had with Kim about your lawsuit?

A.      None.  I mean, I just told her about Harley.

Clerk's No. 26-2 (DeWeese Dep. Tr. 119:5–17; 120:1–4).  This does not constitute testimony "that [Plaintiff] has no personal knowledge of either Ashley Lively's or Kim Bedwell's interest in joining the lawsuit."  *Compare id*. *with* Def.'s Br. at 15.  Nor does any of this testimony seriously undercut Plaintiff's statements that:  (1) once Ashley Lively "learned about this case," Plaintiff "put her in contact with my attorney and she met with him and joined the lawsuit"[2]; or

---

[2]      Defendant also asserts that Ashley Lively only joined the suit "after [Defendant] filed a motion to dismiss for the lack of any employee consent."  Def.'s Br. at 15.  However, Defendant has not cited—and the Court is not aware of—any authority indicating that this fact is

(2) Kim Bedwell "expressed interest" in this lawsuit.  *See* Pl.'s Aff. ¶ 14.  Granted, Plaintiff's

evidence regarding other interested class members  is not overwhelmingly strong, but—contrary

to Defendant's contention—it does not amount to "*no* evidence."  *See* Def.'s Br. at 15 (emphasis

added).  The Court concludes that Plaintiff has met her light burden for conditional certification.

### III.  CONCLUSION

Therefore, "Plaintiff's Motion for Conditional Class Certification" (Clerk's No. 19) is

GRANTED IN PART.   The Court reserves ruling on the propriety of Plaintiff's proposed notice

until the issues therein are fully briefed by the parties.  Defendant shall file its objections—if

any—to the contents of Plaintiff's proposed notice by no later than July 3, 2012.  Plaintiff may

file a reply by no later than July 10, 2012.

IT IS SO ORDERED.

Dated this ___18th___ day of June, 2012.

_____

_____

ROBERT W. PRATT, Judge
U.S. DISTRICT COURT

relevant in any way to the instant motion.